Joshua Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

Daniel Shay (SBN 250548)
Dan@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429

Ben Travis (SBN 305641)
Ben@BenTravisLaw.com
**BEN TRAVIS LAW, APC**
12481 High Bluff Dr, Ste 300
San Diego, CA 92130
P: 619.353-7966

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMANDA CASCELLA, AMANDA ROTH, ASHLEY BOWEN, AUSTIN DICKEY, BRIAN BEAUMONT, CHARLES MONEY, GISELLE SILVA, GRAHAM PANKHURST, HAITHEM AYADI, IAN LELIS, JANIL ARRABAL, KEITH WILSON, LYNDSEY ROWER, MARIO MEDRANO, MIKE MANFREDI, MIKINIQUE GRAY, TIMOTHY CRIBBS, TORI HEWSTON, individually and on behalf of others,<br>Plaintiffs,<br>vs.<br><br>TTEC GOVERNMENT SOLUTIONS, LLC and TTEC HOLDINGS, INC.,<br>Defendants. | Case No: '26CV1914 JES BLM<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br>UNLAWFUL RECORDING OF CELLULAR COMMUNICATIONS, CAL. PEN. CODE § 632.7<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. The eighteen (18) plaintiffs named above ("Plaintiffs"), individually and on behalf of all others similarly situated ("Class Members"), bring this action for damages and injunctive relief against TTEC Government Solutions, LLC and TTEC Holdings, Inc. ("Defendants") and their present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and related entities for recording communications with Plaintiffs and Class Members without consent, in violation of the Cal. Pen. Code § 630, et seq ("CIPA").
2. California passed CIPA in 1967 to protect the privacy of Californians, replacing prior laws which permitted recording of telephone conversations when one party was aware of the recording.
3. In addition to the general protections afforded to confidential communications by Cal. Pen. Code § 632, California added Cal. Pen. Code § 632.7 to CIPA in 1992 due to specific privacy concerns over the increased use of cellular and cordless telephones. California Penal Code § 632.7 prohibits secretly recording any communication involving cellular and cordless telephones, not just confidential communications. California Penal Code 637.2 permits Plaintiffs to bring this action for any violation of California Penal Code § 632.7 and provides for statutory damages of $5,000 for each violation.
4. All of Defendants' conduct occurred in California. All of Defendants' violations were knowing, willful, and intentional. Defendants did not maintain procedures to avoid violations of CIPA.
5. The use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

///

///

///

## JURISDICTION & VENUE

10. Diversity jurisdiction is proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because all Plaintiffs and Class Members are citizens of California, Defendants are incorporated in Colorado and Delaware, both their principal places of business are in Texas, and the matter in controversy exceeds the sum of $5,000,000.
11. Plaintiffs and Class Members are requesting statutory damages of $5,000 per violation pursuant to Cal. Pen. Code § 637.2 which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for CAFA jurisdiction.
12. Both the diversity requirement and the damages threshold under CAFA are met, and this Court has jurisdiction.
13. Because Defendants conduct business within the State of California, personal jurisdiction is established.
14. Venue is proper pursuant to 28 U.S.C. § 1391 because (1) most Plaintiffs reside in the County of San Diego, State of California, within this judicial district (2) the conduct complained of herein occurred within this judicial district and (3) Defendants conduct business within this judicial district.

## PARTIES & DEFINITIONS

15. Plaintiffs are natural persons and citizens of the State of California, with most residing in the County of San Diego, in this judicial district.
16. TTEC Government Solutions, LLC is a Colorado company with its principal place of business in Texas. It is a wholly owned subsidiary of TTEC Holdings, Inc. It operates the public-sector, government services division of TTEC Holdings, Inc. It has government contracts with the San Joaquin Hills Transportation Corridor Agency and Foothill/Eastern Transportation Corridor Agency dba The Toll Roads.

///

17. TTEC Holdings, Inc. is a Delaware corporation with its principal place of business in Texas. It is the parent company of TTEC Government Solutions, LLC and is publicly traded on the NASDAQ under "TTEC."

18. Defendants conducted business in the State of California, in the County of San Diego, within this judicial district. Defendants are each a "person" as defined by Cal. Pen. Code § 632(b).

## Factual Allegations

18. Like many residents of Southern California, Plaintiffs have driven on toll roads managed by (1) the San Joaquin Hills Transportation Corridor Agency or (2) the Foothill/Eastern Transportation Corridor Agency, both doing business as The Toll Roads.

19. Unlike normal toll roads throughout the country, The Toll Roads offers no toll booths or any other ways to pay tolls at the time of use. Drivers are expected to read obscure signs off to the side of the road while driving at highway speeds, for instruction on how to pay.

20. If they are able to read the signs, they will see that they are required to go online and pay the toll within five (5) days or face a fine.

21. If they do not pay the toll in time, The Toll Roads will send a collection letter to them.

22. The tolls are automatically assessed using license plate readers that are often unreliable and inaccurate. Many tolls are assigned to the wrong vehicle owners, in addition to a plethora of other issues that arise under this system.

23. Not surprisingly, lots of drivers are forced to plead their case on the phone and explain the various problems they have with the system. Plaintiffs are some of those drivers and vehicle owners.

24. Unbeknownst to Plaintiffs who thought they were talking to The Toll Roads, they were actually talking to Defendants who operate call centers for The Toll Roads.

///

25. Not only do Defendants hide their identity and pretend to be the Toll Roads, they also hide the fact that they record their calls.

26. Within the last year, Plaintiffs and Class Members all spoke with Defendants on the phone. Plaintiffs and class members were on their cell phones during the calls.

27. Defendants never advised Plaintiffs that they were recording the calls. There were no disclosures, disclaimers, warnings, beeping or any indication that the calls were recorded.

28. When receiving or placing calls, the first thing Defendants should do is inform people that they are recording the calls, as required by California law.

29. California Penal Code § 632.7(a) is clear in its prohibition against such unauthorized recording of cellular communications without the consent of the other party to the conversation:

> "Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone [violates this section]."

30. California Penal Code § 637.2 enables Plaintiffs to bring this action for any violation of California Penal Code § 632.7(a) and provides for statutory damages of $5,000 for each violation.

31. Defendants recorded Plaintiffs' conversations with Defendants, in violation of California's statutory and common law policy against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1 and CIPA.

///

///

32. Defendants intentionally recorded communications transmitted between a cellular radio telephone and a landline telephone without Plaintiffs' consent as prohibited by Cal. Pen. Code § 632.7(a).
33. Defendants violated CIPA by failing to advise or otherwise provide notice at the beginning of the conversations with Plaintiffs that the calls were recorded, and Defendants did not try to obtain Plaintiffs' consent before such recording.
34. The recordings were done over the telephone, without Plaintiffs' prior knowledge or consent. Plaintiffs were damaged thereby, as detailed herein, in at least an amount permitted by the statutory damages of Cal. Pen. Code § 637.2(a).
35. Defendants secretly recorded calls with Plaintiffs and Class Members. Defendants did not warn any of them at the outset of the calls that they were recording the calls.
36. As a result, Plaintiffs have been damaged as set forth in the prayer for relief below.
37. Plaintiffs seek statutory damages and injunctive relief under California Penal Code § 637.2.

## Class Action Allegations

38. Plaintiffs bring this lawsuit as a class action on behalf of Plaintiffs and Class Members. This action satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.
39. Plaintiffs propose the following Class consisting of and defined as follows:

> All persons in California who engaged in a telephone communication transmitted between their cellular telephone and Defendants' telephone that was recorded by Defendants or their agents.

40. Excluded from the Class are: (1) Defendants, any entity or division in which Defendants have a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the judge to whom this case is assigned and

the judge's staff and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

41. Plaintiffs reserve the right to redefine the Class and to add subclasses as appropriate, based on discovery and theories of liability.

42. Numerosity: The Class Members are so numerous that joinder of all members would be unfeasible and impractical. Given that, on information and belief, Defendants engaged in calls with thousands of class members statewide and recorded those calls during the class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court. The Class Members can be identified through Defendants' records.

43. Commonality: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether Defendants recorded calls with Class Members;
- Whether Defendants had consent to record the calls with Class Members;
- Whether Defendants had a policy or practice of recording calls with Class Members;
- Whether Defendants' policy or practice of recording calls with Class Members constitutes violations of Cal. Pen. Code § 632.7;
- Whether Class Members were damaged thereby, and the extent of damages for such violations;
- Whether Defendants should be enjoined from engaging in such conduct in the future.

44. Typicality: Plaintiffs' communications were recorded without a warning at the outset of the calls, and thus, Plaintiffs' injuries are typical to Class Members.

Plaintiffs and Class Members were harmed by the acts of Defendants because Defendants illegally recorded their conversations and invaded their privacy.

45. Adequacy: Plaintiffs are qualified and will fairly and adequately protect the interests of Class Members with whom Plaintiffs are similarly situated, as demonstrated herein. Plaintiffs acknowledge that Plaintiffs have an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiffs' attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counselors are experienced in handling claims involving consumer actions and violations of the Cal. Pen. Code § 632.7. Plaintiffs have incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

46. Predominance: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiffs and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

47. Superiority: A class action is a superior method for the fair and efficient adjudication of this controversy because:

a. Class-wide damages are essential to induce Defendants to comply with California law.

b. Because of the relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendants' misconduct.

c. Management of the case is likely to present significantly fewer difficulties than those present in many other class actions.

d. Absent a class action, most Class Members would likely find the cost

of litigating their claims prohibitively high and would therefore have no effective remedy.

e. Class action treatment is manageable because it will permit many similarly situated people to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

f. Absent a class action, Class Members will continue to incur damages, and Defendants' misconduct will continue without remedy.

48. Plaintiffs and the Class Members have all suffered and will continue to suffer harm and damage because of Defendants' unlawful and wrongful conduct. A class action is superior to other available methods because Class Members have no way of discovering that Defendants recorded their telephone conversations without their knowledge or consent.

49. The Class should be certified because:

a. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudications, or substantially impair or impede their ability to protect their interests;

c. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

d. The joinder of Class Members is impractical and the disposition of

their claims in the Class action will provide substantial benefits both to the parties and to the court.

50. This suit seeks only statutory damages and injunctive relief for Class Members. It does not request any recovery for personal injury claims.

## Cause of Action

## Recording of Cellular Calls

## Under California Penal Code § 632.7

51. At all relevant times, Defendants had and followed a policy and practice of using a telecommunications system that enabled it to surreptitiously record cellular communications between Defendants and Class Members.

52. Defendants intentionally and secretly recorded cellular communications between Defendants and Class Members.

53. Defendants had and followed a policy and practice of not advising or warning Class Members that their cellular telephone communications with Defendants would be recorded.

54. Defendants intentionally did not obtain the consent of Class Members prior to recording their cellular communications.

55. Defendants' conduct violated Cal. Pen. Code § 632.7(a).

56. Plaintiffs and Class Members are entitled to recovery of statutory damages in the amount of $5,000 per violation of Cal. Pen. Code § 632.7(a) under Cal. Pen. Code § 637.2(a)(1).

57. Plaintiffs and Class Members are entitled to enjoin and restrain Defendant from further violation of Cal. Pen. Code § 632.7(a) under Cal. Pen. Code § 637.2(b).

58. Plaintiffs' counsel are entitled to attorney fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5.

## Prayer For Relief

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants as follows:

- Certify the Class as requested herein;
- Appoint Plaintiffs to serve as the Class Representatives;
- Appoint Plaintiffs' Counsel as Class Counsel;
- Award $5,000 statutory damages per violation of Cal. Pen. Code § 632.7(a) to each Class Member pursuant to Cal. Pen. Code § 637.2(a)(1).
- Enjoin and restrain Defendant from further violation of Cal. Pen. Code § 632.7(a) pursuant to Cal. Pen. Code § 637.2(b).
- Award attorney fees and costs pursuant to Cal. Code of Civ. Proc. § 1021.5;
- Any other relief the Court may deem just and proper including interest.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs and Class Members are entitled to, and demand, a trial by jury.

Respectfully submitted,

**SWIGART LAW GROUP, APC**

Date: March 26, 2026 By: *s/ Joshua Swigart*
Joshua Swigart, Esq.
Josh@SwigartLawGroup.com
Attorneys for Plaintiffs

**SHAY LEGAL, APC**

Date: March 26, 2026 By: *s/ Daniel Shay*
Daniel Shay, Esq.
Dan@ShayLegal.com
Attorneys for Plaintiffs

**BEN TRAVIS LAW, APC**

Date: March 26, 2026 By: *s/ Ben Travis*
Ben Travis, Esq.
Ben@BenTravisLaw.com
Attorneys for Plaintiffs